# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HOLLYVALE RENTAL HOLDINGS, LLC, | Case No. 2:16-cv-02888-RFB-PAL |
| Plaintiff, | |
| v. | **ORDER** |
| JARED K. BAUM, *et al.*, | Plaintiff's Motion to Remand (ECF No. 39) |
| Defendants. | |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | |
| Counterclaimant, | |
| v. | |
| HOLLYVALE RENTAL HOLDINGS, LLC, | |
| Counterdefendant. | |

## I. INTRODUCTION

Before this Court comes Plaintiff / Counterdefendant Hollyvale Rental Holdings, LLC ("Hollyvale")'s Motion to Remand (ECF No. 39). For the reasons stated below, the Motion to Remand is DENIED.

## II. BACKGROUND

On November 22, 2016, Hollyvale filed a Complaint in the Eighth Judicial District Court

- 1 -

of Clark County, Nevada. (ECF No 1-2). Hollyvale filed a First Amended Complaint in the state court on December 9, 2016. (ECF No. 1-5). Hollyvale brought the following causes of action: (1) quiet title, against all Defendants; (2) declaratory relief, against all Defendants; and (3) injunctive relief, against Federal National Mortgage Association and Quality Loan Service Corporation. Defendant Federal National Mortgage Association ("Fannie Mae") filed a Petition for Removal on December 14, 2016. (ECF No. 1). Fannie Mae asserted in the Petition: "The ground for this removal is federal question jurisdiction over claims brought against Fannie Mae. Fannie Mae owns the loan secured by the first Deed of Trust recorded against the subject property and is the beneficiary of record of the Deed of Trust. Pursuant to 28 U.S.C. 1331, '[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.' Fannie Mae's federal corporate charter confers federal question jurisdiction over claims brought against Fannie Mae. Lightfoot v. Cendant Mortg. Corp., 769 F.3d 681 (9th Cir. 2014)."

On January 3, 2017, Fannie Mae filed an Answer and Counterclaim. (ECF No. 6). In the Counterclaim, Fannie Mae asserted the following causes of action: (1) declaratory relief under 12 U.S.C. § 4617(j)(3); (2) quiet title under 12 U.S.C. § 4617(j)(3); (3) declaratory relief under the Fifth and Fourteenth Amendments; (4) quiet title under the Fifth and Fourteenth Amendments; (5) permanent and preliminary injunction; and (6) unjust enrichment. Hollyvale filed an Answer to the Counterclaim on January 12, 2017. (ECF No. 7).

On August 21, 2017, Hollyvale filed the instant Motion to Remand. (ECF No. 39). Fannie Mae filed its Response on September 5, 2017. (ECF No. 43). Hollyvale filed its Reply on September 8, 2017. (ECF No. 44). On August 23, 2017, the Court entered a minute order staying the case pending a decision on a question certified to the Nevada Supreme Court, and setting a hearing on the Motion to Remand. (ECF No. 41). Also on August 23, Hollyvale filed its Second Amended Complaint, adding Red Rock Financial Services and Villas at Terra Linda Homeowners Association as Defendants. (ECF No. 42). On October 6, 2017, the Court held a hearing on the matter and took the motion under submission. (ECF No. 55).

**III.    LEGAL STANDARD**

### A. Removal Jurisdiction

28 U.S.C. § 1441(a) grants federal district courts jurisdiction over state court actions that originally could have been brought in federal court. "Removal and subject matter jurisdiction statutes are strictly construed, and a defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A., 761 F.3d 1027, 1034 (9th Cir. 2014) (citation and quotation marks omitted).

### B. Federal Question Jurisdiction

A district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. An action "arises under" federal law when "federal law creates the cause of action." Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808 (1986). But even where a claim finds its origins in state rather than federal law, the Supreme Court has identified a "special and small category" of cases in which federal question jurisdiction still exists. Empire Healthchoice Assurance, Inc., v. McVeigh, 547 U.S. 677, 699 (2006). Federal jurisdiction over a state law claim may lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005) (explaining that the "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."). Grable does not provide a per se "test" for federal question jurisdiction. However, the presence of all four Grable factors suggests that federal jurisdiction is proper because there is a "serious federal interest in claiming the advantages thought to be inherent in a federal forum," which can be vindicated without disrupting Congress's intended division of labor between state and federal courts. Id. at 313 (citations omitted).

## IV. DISCUSSION

### a. Initial Grounds for Removal

In its Petition for Removal, Fannie Mae asserted as the grounds for removal the Ninth Circuit's decision in Lightfoot v. Cendant Mortg. Corp., 769 F.3d 681 (2014). In that case, the Ninth Circuit held that the "sue-and-be-sued" clause of 12 U.S.C. § 1723a(a) ("the Fannie Mae charter") grants federal courts jurisdiction over cases in which Fannie Mae is a party. Lightfoot, 769 F.3d at 683. The statute specifically allows Fannie Mae to "in its corporate name, to sue and to be sued, and to complain and to defend, in any court of competent jurisdiction, State or Federal . . . ." 12 U.S.C. § 1723a(a).

In the Motion to Remand, Hollyvale argues that this Court no longer has subject matter jurisdiction, as the Supreme Court reversed the Ninth Circuit's 2014 decision. Lightfoot v. Cendant Mortg. Corp., 137 S. Ct. 553 (2017). The Supreme Court focused on the "court of competent jurisdiction" phrase in the Fannie Mae charter, finding that the phrase requires a court to have subject-matter jurisdiction over the claims before it separately from the invocation of the charter. 137 S. Ct. at 560-61. The Court held that "Fannie Mae's sue-and-be-sued clause is most naturally read not to grant federal courts subject-matter jurisdiction over all cases involving Fannie Mae. In authorizing Fannie Mae to sue and be sued 'in any court of competent jurisdiction, State or Federal,' [the clause] permits suit in any state or federal court already endowed with subject-matter jurisdiction over the suit." Id. at 561. Hollyvale additionally argues that on the face of the Complaint it did not seek to avoid declaratory relief under a federal question, but rather brought a claim for quiet title that turns exclusively on a Nevada statute. In opposition, Fannie Mae contends that Plaintiff did assert a claim for declaratory judgment, which avoided an affirmative action by the declaratory judgment defendant. Fannie Mae argues that it could have asserted claims for injunctive relief, declaratory relief, or quiet title, and that it did raise such counterclaims. These counterclaims, according to Fannie Mae, necessarily present claims arising under federal law – namely, federal due process and the Federal Foreclosure Bar, 12 U.S.C. § 4617(j)(3).

Thus, the Court must resolve two questions: first, whether Fannie Mae can now rely upon an alternative ground for subject-matter jurisdiction, and second, whether such ground did exist at

the time of removal. The Court finds that both questions are answered in the affirmative and that subject-matter jurisdiction existed at the time of removal.  The Court explains its reasoning below.

### b. Coercive Action Doctrine Applies

Hollyvale argues that there is no substantial federal question found on the face of the complaint or in its claims, and that Fannie Mae improperly attempts to rely upon a federal defense – the Federal Foreclosure Bar – to now revive federal question jurisdiction. Hollyvale asks the Court to find that each of its causes of action arise exclusively under state law.

Fannie Mae argues, and this Court agrees, however, that the "coercive action" doctrine provides a basis for jurisdiction in this case. As the Supreme Court recently explained in <u>Medtronic</u>, the coercive action doctrine provides a defendant in a declaratory judgment action a limited avenue to bring suit in federal court, even if the initial claim for declaratory relief is not based upon federal law. <u>Medtronic, Inc. v. Mirowski Family Ventures</u>, 134 S. Ct. 843, 848 (2014) (citations omitted) ("We also agree that federal courts, when determining declaratory judgment jurisdiction, often look to the 'character of the threatened action.' That is to say, they ask whether 'a coercive action' brought by 'the declaratory judgment defendant' . . . 'would necessarily present a federal question.'"); <u>see also</u> <u>Janakes v. United States Postal Serv.</u>, 768 F.2d 1091, 1093 (9th Cir. 1985) (citation omitted) ("If, however, the declaratory judgment defendant could have brought a coercive action in federal court to enforce its rights, then we have jurisdiction notwithstanding the declaratory judgment plaintiff's assertion of a federal defense.").

The Ninth Circuit in <u>Janakes</u> specified that the coercive action must "arise under" federal law, and cannot be based solely upon "diversity of citizenship or another, non[-]substantive jurisdictional statute." <u>Id.</u> (citation omitted). Such suit need not have actually been brought by the declaratory judgment defendant; federal question jurisdiction attaches even if the coercive action is hypothetical. <u>Id.</u> at 1094. Moreover, jurisdiction will exist even if the claim serving as the basis for jurisdiction is later abandoned or dismissed. <u>See</u> <u>id.</u> at 1095 (citations omitted) (finding that, when defendant abandoned its statutory claims and pursued only federal common-law claims, "waiver of [defendant's] statutory claim, however, [did] not affect [the court's] jurisdictional

analysis because the parties cannot by stipulation or waiver grant or deny federal subject matter jurisdiction.")

Hollyvale argues that the coercive action doctrine does not apply here because Hollyvale's claims to quiet title are based solely on state law, and Fannie Mae merely asserts a federal defense. Fannie Mae argues, however, that the "coercive action" doctrine is applicable because Fannie Mae could have, and now has, brought a separate federal declaratory judgment action under 28 U.S.C. §2201 seeking quiet title or similar equitable claim based on the Federal Foreclosure Bar to protect its property interests. The Court finds that, given the alleged facts in this case, a declaratory judgment action seeking quiet title based upon an assertion of the Federal Foreclosure Bar is a coercive action creating federal jurisdiction for this case.[1] The Court finds that the assertion of the Federal Foreclosure Bar in this case is not simply an affirmative defense for which there would be no federal jurisdiction. That is because the determination of whether or not the Federal Foreclosure Bar applies is essential for deciding the quiet title or equitable claims regarding property interests brought by Hollyvale and by Fannie Mae. The issue of the Federal Foreclosure Bar pre-empting the application of state law is one suitable for a federal court to decide, and moreover has recently been decided by the Ninth Circuit, as discussed below. Here, the Federal Foreclosure Bar requires the consent of Fannie Mae's conservator prior to the levy, attachment, garnishment, foreclosure, or sale of the conservator's property. 12 U.S.C. § 4617(j)(3). Implicit in this statute is Fannie Mae's right to challenge an unauthorized foreclosure before a federal court.

This finding is compelled by the Supreme Court's decision in <u>Grable & Sons Metal Products v. Darue Engineering and Manufacturing</u>. 545 U.S. 308 (2005). As the Supreme Court explained and held in <u>Grable</u>, state law claims for quiet title have long provided bases for federal court jurisdiction. 545 U.S. at 315 (finding that "quiet title actions hav[e] been the subject of some of the earliest exercises of federal-question jurisdiction over state-law claims" and discussing three cases in which quiet title claims arose under federal law). Several pre-<u>Grable</u> cases suggest that, where a plaintiff's allegations in an action to quiet title necessarily implicate federal law, federal

---

[1] The Court declines to find that Fannie Mae could prevent remand by asserting a coercive action based upon the Fifth or Fourteenth Amendments.

jurisdiction is proper. See Wilson Cypress Co. v. Del Pozo Y Marcos, 236 U.S. 635, 643-644 (1915) (denying motion to dismiss in a quiet title case where the complaint involved a grant of land made pursuant to treaty and finding that "there [was] scarcely a contention of complainants which [did] not primarily or ultimately depend upon the laws of the United States."); see also Northern P. R. Co. v. Soderberg, 188 U.S. 526, 528 (1903) (finding that federal jurisdiction was proper both on grounds of diversity and because "it appear[ed] that [plaintiff's] title rest[ed] upon a proper interpretation of the land grant act of 1864 . . . [which provided] another ground wholly independent of citizenship[.]").

Whether the Federal Foreclosure Bar would have prevented, or as a matter of law did prevent, Hollyvale's purchase of the subject property in the nonjudicial foreclosure sale is an essential consideration for its claim, regardless of whether the claim itself explicitly refers to federal law. The Court finds the precedent in Grable to be both persuasive and binding here as to the determination of federal question jurisdiction, and proceeds to analyze each factor of the test.

### i. Quiet Title Claims Necessarily Raised a Federal Issue

The Court finds, as explained above, that there is a coercive action based upon substantive federal law that Fannie Mae could have raised – that the sale of the subject property to Hollyvale violated 12 U.S.C. 4617(j)(3) and that Fannie Mae thus retained its property rights. The first element of Grable is therefore satisfied. The Court further finds pursuant to Janakes that it was not necessary for Fannie Mae to raise this argument at the time of removal for the Court to determine its jurisdiction. 768 F.2d at 1095.

### ii. An Actual Dispute Existed at the Time of Removal

In applying Grable, the Court must also determine whether the claims in this case raise a federal issue that is actually in dispute. A finding of federal question jurisdiction in a complaint asserting exclusively state law claims requires a "contested federal issue[.]" Grable, 545 U.S. at 313 (2005) (citations omitted). An unresolved question is a crucial ingredient in such case, particularly when a land interest is involved. See Shulthis v. McDougal, 225 U.S. 561, 569 (1912) ("A suit to enforce a right which takes its origin in the laws of the United States is not necessarily, or for that reason alone, one arising under those laws, for a suit does not so arise unless it really

and substantially involves a dispute or controversy respecting the validity, construction or effect of such a law, upon the determination of which the result depends. This is especially so of a suit involving rights to land acquired under a law of the United States.")

The instant case was filed in November 2016 and removed to this Court in December 2016. (ECF No. 1). At that time, there had not been a ruling on whether the Federal Foreclosure Bar preempted the Nevada "superpriority lien" statute; therefore, an actual dispute existed at the time of removal. On August 25, 2017, the Ninth Circuit decided Berezovsky v. Moniz, 869 F.3d 923. In a case with very similar facts, the Court affirmed the district court's finding that the Federal Foreclosure Bar preempts a Nevada statute which allows homeowners associations to foreclose on indebted properties and effect a "superpriority lien" over senior interests. Id at 926. The Court issued its decision to address an ongoing controversy, noting that a "clash of state and federal law has spawned considerable litigation in Nevada" on this topic. Id. at 925. This Court finds, however, that at the time this case was removed in 2016, there existed a question as to whether the Federal Foreclosure Bar preempted Nevada law as the Ninth Circuit's decision in Berezovsky had not been issued. As the dispute also existed at the time the Supreme Court reversed Lightfoot, the Court finds that the second element of Grable is satisfied.

### iii. Resolution of the Issue is Substantially Important to the Federal System

The Court also finds that Hollyvale's Amended Complaint necessarily raises a federal issue that is also substantial. "The substantiality inquiry under Grable looks . . . to the importance of the issue to the federal system as a whole." Gunn v. Minton, 133 S. Ct. 1059, 1066 (2013). "[P]ure issue[s] of law" are more likely to be substantial because a federal court may settle the issue "once and for all." Empire Healthchoice Assurance, Inc., v. McVeigh, 547 U.S. 677, 700 (2006) (citation and quotation marks omitted). Conversely, "fact-bound and situation specific" inquiries are generally not considered to be substantial. Id. at 700-01.

The Ninth Circuit's decision in Berezovsky demonstrates the significance of the issue, particularly as the dispute generated much litigation in Nevada. The Court rested its decision on principles of federalism. Relying upon cases interpreting the Supremacy Clause, the Court determined that the Federal Foreclosure Bar operated as an absolute prohibition on foreclosures of

property owned by FHFA and Fannie Mae, despite the existence of Nevada's "superpriority lien" statutory scheme. 869 F.3d at 931. The federal interest in preventing foreclosure on federal property pursuant to a state law is significant and clear. Moreover, the resolution of the dispute by the court in Berezovsky did not require fact-specific inquires, and conclusively settled the issue. Thus, the Court finds that the third Grable element is met.

### iv. Federal Court Resolution Has Not Disrupted the Federal – State Balance

The resolution of the dispute regarding the Federal Foreclosure Bar's effect on Nevada's "superpriority lien" statutory framework would not disrupt the federal versus state law balance. As, the Ninth Circuit, in Berezovsky, stated explicitly: "Nevada's ["superpriority lien"] law is an obstacle to Congress's clear and manifest goal of protecting [the conservator's] assets in the face of multiple potential threats, including threats arising from state foreclosure law." Id. Resolution from the federal court has thus provided harmony rather than discord and has established a clear answer for the many litigants bringing challenges on similar sets of facts. The Court finds that, at the time of removal in this case, the resolution of the dispute as to the Federal Foreclosure Bar would not have upset the federal – state balance. Indeed, the resolution of the dispute would and did, in Berezovsky, bring closure to an existing tension between federal and state law. The fourth Grable factor is thus also satisfied.

As all four elements of the Grable framework are satisfied, the Court properly retains jurisdiction over this case.

### c. Fannie Mae's Remaining Arguments

As the Court finds that the coercive action doctrine applies and the Grable framework is established, the Court only briefly addresses Fannie Mae's remaining arguments. Pursuant to Janakes, a coercive action cannot be asserted on non-substantive grounds such as diversity. The Court therefore declines to address Fannie Mae's contention of fraudulent joinder. The Court also notes that it does not find Fannie Mae's arguments persuasive on the issue of consent to jurisdiction, as the Court retains the obligation to *sua sponte* ensure it has jurisdiction at all times during the pendency of litigation. See McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S.

178, 189 (1936) ("The authority . . . vest[ed] in the court to enforce the limitations of its jurisdiction precludes the idea that jurisdiction may be maintained by mere averment or that the party asserting jurisdiction may be relieved of his burden by any formal procedure. If his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof. And where they are not so challenged the court may still insist that the jurisdictional facts be established or the case be dismissed . . . .")

### V. CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Plaintiff / Counterdefendant's Motion to Remand (ECF No. 39) is DENIED.

**DATED** this 31st day of March, 2018.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**